UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br>        v.<br><br>ASSURANCE IQ, LLC, a Washington limited liability company, also d/b/a Assurance, Assurance IQ, and National Family Assurance Corporation,<br><br>    Defendant. | Case No. 2:25-cv-01485-MJP<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AGAINST ASSURANCE IQ, LLC** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgments, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b. Defendant has waived service of the summons and the Complaint. The FTC and Assurance IQ, LLC, ("Assurance") ("Defendant") stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

# FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Assurance participated in unfair and deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as amended, in connection with the advertising, marketing, telemarketing, promoting, offering for sale, or sale of association memberships and health-related products, including short-term medical plans ("STM"), limited benefit indemnity plans ("LBI"), and supplemental products, such as association memberships, telemedicine plans, prescription discount plans, dental discount plans, vision discount plans, and other ancillary benefit plans ("Supplemental Products").

3. Assurance neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Assurance admits the facts necessary to establish jurisdiction.

4. Assurance waives any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Assurance and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

# DEFINITIONS

For purposes of this Order, the following definitions apply:

A. **"ACA"** means the Patient Protection and Affordable Care Act of 2010, Pub. L. No 111-148, 124 Stat. 119.

B. **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

STIPULATED ORDER FOR PERMANENT
INJUCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

3

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes members of that group.

C. **"Assurance"** means Assurance IQ, LLC, also d/b/a Assurance, Assurance IQ, National Family Assurance Corporation, and any successors and assigns.

D. **"Covered Plan(s), Product(s), or Service(s)"** means health-related short-term medical plans; limited benefit indemnity plans; and all Supplemental Products offered or sold with a Covered Plan, Product, or Service.

E. **"PPO Network"** means a type of health plan that contracts with medical providers, such as hospitals and doctors, to create a network of participating providers.

F. **"Seller"** means any person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration whether or not such person is under the jurisdiction of the Commission.

G. **"Telemarketer"** means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor, whether or not such person is under the jurisdiction of the Commission.

H. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call, whether or not covered by the Telemarketing Sales Rule.

STIPULATED ORDER FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

4

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350

# ORDER

## I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Assurance, Assurance's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, in connection with the advertising, marketing, promoting, offering for sale, or sale of any Covered Plan, Product, or Service are permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication:

1. any cost to the consumer to purchase, receive, use, cancel, or return the Covered Plan, Product, or Service;
2. that any Covered Plan, Product, or Service is included at no additional cost with the purchase of another good or service;
3. that any Covered Plan, Product, or Service is ACA-compliant insurance or comprehensive health insurance, or provides benefits equivalent to such insurance;
4. that any Covered Plan, Product, or Service provides unlimited coverage for consumers' medical bills after payment of deductibles and out of pocket maximums;
5. that any Covered Plan, Product, or Service provides consumers with access to provider networks that will reduce the cost of consumers' medical bills and expenses;
6. that any Covered Plan, Product, or Service has no limits on usage or no limits on how much it will pay to cover promised goods or services; or

      7.      the material performance or central characteristics of any Covered Plan, Product, or Service, including material restrictions, limitations, or conditions to purchase, receive, or use such good or service.

B.      Making any representation or assisting others in making any representation, expressly or by implication, unless the representation is non-misleading, and, at the time such representation is made, Assurance possesses and relies upon competent and reliable evidence that is sufficient to substantiate that the representation is true, regarding any Covered Plan, Product, or Service.

C.      Before a consumer consents to pay for offered goods or services, failing to disclose truthfully, in a Clear and Conspicuous manner, the following material information:

      1.      that the Covered Plan, Product, or Service that is the subject of the sales offer is not ACA-compliant insurance or comprehensive health insurance or does not provide benefits equivalent to such insurance when that is the case;

      2.      material conditions, limitations, restrictions, and exclusions to purchase, receive, or use the Covered Plans, Products, or Services, including but not limited to (a) limitations and restrictions on coverage for pre-existing conditions and essential health benefits, (b) limitations on usage with the provider network, (c) monetary limits on benefits for medical services, including per day, per incident, annual, and lifetime monetary limits on benefits, and (d) maximum amounts that will be paid for specific medical services before consumers are obligated to pay any remaining amounts due for the medical services;

      3.      the identity of, and the separate and total cost to purchase, receive, and use,

STIPULATED ORDER FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

6

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350

and the quantity of each Covered Plan, Product, or Service that is the subject to the sales offer or included in the sale of another Covered Plan, Product, or Service;

  4. the separate and recurring fees for each Covered Plan, Product, or Service that is the subject of the sales offer;

  5. the cancellation obligations for all or part of each Covered Plan, Product, or Service that is the subject of the sales offer; and

 D. Causing any consumer to be billed for any good or service without having previously obtained the consumer's express informed consent.

## II. PROHIBITIONS RELATING TO TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that Assurance and Assurance's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, in connection with Telemarketing of any Covered Plan, Product, or Service, are permanently restrained and enjoined from:

 A. Misrepresenting any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer;

 B. Making a false or misleading statement to induce any person to pay for goods and services;

 C. Misrepresenting any material restriction, limitation, or condition to purchase, receive, or use goods or services that are the subject of a sales offer;

 D. Misrepresenting the total cost to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the sales offer;

 E. Before a consumer consents to pay for goods or services offered, failing to

STIPULATED ORDER FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

7

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350

disclose truthfully, in a Clear and Conspicuous manner, the following material information:

    1.    The total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the sales offer; and

    2.    All material restrictions, limitations, or conditions to purchase, receive, or use the goods or services that are the subject of the sales offer;

F.    Providing substantial assistance or support to any Seller or Telemarketer of a Covered Product, Plan, or Service, whom Assurance knows, or consciously avoids knowing, is engaged in violations of § 310.3(a) of the TSR; and

G.    Violating any provision of the TSR, 16 C.F.R. Part 310, a copy of which is attached as **Appendix A** to this Order.

### III. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of One Hundred Million Dollars ($100,000,000) is entered in favor of the FTC against Assurance as monetary relief.

B.    Assurance is ordered to pay to the FTC, One Hundred Million Dollars ($100,000,000), which, as Assurance stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the FTC. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions to be provided by a representative of the FTC upon the Court's issuance of this Order.

### IV. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Assurance relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

STIPULATED ORDER FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

8

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350

B.	The facts alleged in the Complaint will be taken as true, in any subsequent civil litigation, to enforce any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.	The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.	Assurance acknowledges that its Taxpayer Identification Number (Social Security Number or Employer Identification Number), which Assurance must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.	All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Assurance's practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Assurance has no right to challenge any actions the Commission or its representatives may take pursuant to Subsection IV.E.

## V. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Assurance must provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a

STIPULATED ORDER FOR PERMANENT
INJUCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

9

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350

representative of the Commission requests in writing any information related to redress under this Order, Assurance must provide it, in the form prescribed by the Commission, within 21 days.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Assurance obtain acknowledgments of receipt of this Order:

A. Assurance, within 10 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Assurance must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members having responsibilities for conduct related to the subject matter of the Order; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order, and all agents and representatives who participate in conduct related to the subject matter of the Order; (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 30 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Assurance delivered a copy of this Order, Assurance must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Assurance make timely submissions to the Commission:

A. One year after entry of this Order, Assurance must submit a compliance report,

sworn under penalty of perjury:

    1.    Assurance must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which the Commission may use to communicate with Assurance; (b) identify all of Assurance's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including each of the health-related products or services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Assurance is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2.    To the extent that Assurance is not engaged in advertising, marketing, telemarketing, promoting, offering for sale, or sale of any Covered Plan, Product, or Service, a written communication to the FTC so stating will satisfy the obligation to submit a compliance report under Section VII.A.1 above.

B.    For 5 years after entry of this Order, Assurance must submit a compliance notice, sworn under penalty of perjury, within 21 days of any change in: (a) any designated point of contact; or (b) the structure of Assurance or any entity that Assurance has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Assurance must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Assurance that may affect compliance obligations arising under this Order within 14 days of its filing.

STIPULATED ORDER FOR PERMANENT
INJUCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

11

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Assurance IQ, LLC*, Matter No. 2023193.

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that Assurance must create certain records for 5 years after entry of the Order and retain each such record for 5 years. Specifically, Assurance must create and retain the following records:

A.  accounting records showing the revenues from all goods or services that are related to the subject of this Order;

B.  personnel records showing, for each person providing services in connection with the Order, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response related to the subject of this Order;

STIPULATED ORDER FOR PERMANENT
INJUCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

12

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350

D.  a copy of each unique script, outline, or other guide used in Telemarketing any goods and services related to the subject of this Order;

E.  a copy of each unique digital template or flow-through of the online sales process used in sales of any goods and services related to the subject of this Order;

F.  all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

G.  a copy of each unique website, advertisement, or other marketing material related to plans, products, or services sold that relate to the subject of this Order.

Except that, to the extent that Assurance is not engaged in advertising, marketing, telemarketing, promoting, offering for sale, or sale of any Covered Plan, Product, or Service, Assurance will have no obligation to create and retain the records identified above in subsections A through G of Section VIII.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Assurance's compliance with this Order and any failure to transfer any assets as required by this Order:

A.  Within 30 days of receipt of a written request from a representative of the Commission, Assurance must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Assurance, after attempting to resolve a dispute without court action and with good cause shown, may file a

motion with this Court seeking an order for one or more of the protections set forth in Federal Rule of Civil Procedure 26(c).

B. For matters concerning this Order, the Commission is authorized to communicate directly with Assurance. Assurance must permit representatives of the Commission to interview any employee or other person affiliated with Assurance who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Assurance or any individual or entity affiliated with Assurance, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Assurance's parent company fully and unconditionally guarantees the performance of Assurance's obligations under this Order, including, but not limited to, all monetary obligations and matters relating to compliance with or enforcement of this Order, and will perform those obligations if Assurance fails to satisfy them. Assurance's parent company submits to the jurisdiction of this Court for any matters relating to compliance with or enforcement of this Order. Assurance and its parent company do not waive the right to present to the Court evidence related to whether Assurance has satisfied its obligations under this Order.

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

STIPULATED ORDER FOR PERMANENT
INJUNCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

14

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350

**SO ORDERED this 11th day of August, 2025.**

*[signature]*

Marsha J. Pechman
UNITED STATES DISTRICT JUDGE

STIPULATED ORDER FOR PERMANENT
INJUCTION, MONETARY JUDGMENT, AND
OTHER RELIEF AGAINST ASSURANCE IQ, LLC

15

FEDERAL TRADE COMMISSION
915 SECOND AVENUE, SUITE 2896
SEATTLE, WA 98174
206-220-6350